Carlos D. Godinez, M.D. President Texas State Board of Medical Examiners P.O. Box 13562, Capitol Station Austin, Texas 78711
Re: Whether the Texas State Board of Medical Examiners may use hearing examiners to conduct hearing of contested cases and to draft proposals for decisions therein
Dear Dr. Godinez:
You inform us that the Texas State Board of Medical Examiners wishes to utilize hearing examiners to conduct hearings of contested cases presented before the board. You also inform us that the board is presently conducting disciplinary hearings before the entire fifteen member board. You wish to utilize hearing examiners as an alternative to your present method as a more cost effective procedure. In that regard you ask:
 Do the Medical Practice Act and the Administrative Procedure and Texas Register Act empower the Texas State Board of Medical Examiners to utilize hearing examiners to conduct hearings in contested cases and to draft proposals for decisions therein as more fully described in section 15 of the Administrative Procedure and Texas Register Act?
The state of Texas has adopted the general rule that where a statute permits an administrative authority to delegate the taking of evidence to less than the whole number, to a single member, or to an examiner for this purpose, a hearing before such delegate is not a denial of due process. See Colorado County Federal Savings and Loan Assn. v. Lewis, 498 S.W.2d 723, (Tex.Civ.App.-Austin 1973, writ ref'd n.r.e.); Attorney General Opinion M-687 (1970) (Texas Water Rights Commission has implied power to utilize examiners under article 7542a, V.T.C.S.); see also 2 Am.Jur.2d Administrative Law, § 407, p. 217-218 (1974); Annot. 18 A.L.R.2d 606 (1951).
Article 4495b, section 4.05(a), V.T.C.S., the Medical Practice Act, provides:
 (a) All hearings conducted under this subchapter by the board shall comply with the provisions of the Administrative Procedure Act and the board's rules. The board may delegate the authority to conduct hearings under this subchapter to a hearing committee comprised of not less than three members appointed by the board. The composition of such committee shall be consistent with the provisions of Sections 2.08 and 2.09 of this Act. Any individual or individuals conducting a hearing under this subchapter are empowered to administer oaths and receive evidence at the hearing and shall report the hearing as prescribed by board rules. (Emphasis added).
Thus, the legislature has authorized the Texas State Board of Medical Examiners to delegate their duty to conduct contested cases in disciplinary matters to a hearing committee composed of not less than three members. See Cobra Oil Gas Corp. v. Sadler,447 S.W.2d 887, (Tex. 1969). The legislature specified that the hearing committee must be composed of board members. We are of the opinion that the legislature did not authorize the board to delegate the function of conducting disciplinary hearings in contested cases to persons other than members of the board. Of course, the hearing committee must also comply with the provisions of sections 13 and 15 of article 6252-13a, V.T.C.S.
 SUMMARY
Article 4495b, section 4.05(a), V.T.C.S., does not authorize the Texas State Board of Medical Examiners to delegate their duty to conduct contested cases in disciplinary matters to a single hearing examiner.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General